IN THE UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF ARKANSAS
PINE BLUFF DIVISION

BOBBIE BRIDGES                                                                                          PLAINTIFF

VS.                              CASE NO. 5:06CV0137 JMM

CHARLES D. KNIGHT, Individually and as
Superintendent of the Watson Chapel,
Arkansas School District No. 24, A Public
Body Corporate; the BOARD OF EDUCATION
OF THE WATSON CHAPEL ARKANSAS
SCHOOL DISTRICT NO. 24, a Public Body
Corporate                                                                                            DEFENDANTS

**ORDER**

This is an employment discrimination case brought by Bobbie Bridges, an African American female, who alleges that defendants discriminated against her based upon her race and gender in violation of 42 U.S.C. § 1981, 42 U.S.C. § 1983, and Title VII of the Civil Rights Act of 1964, as amended, 42 U.S.C. § 2000(e) *et seq*. The case was tried to the Court on December 10, 11, 12, and 13, 2007 in Pine Bluff, Arkansas. After considering the evidence presented at trial and the arguments of counsel in their post-trial submissions, the Court makes the following findings of fact and conclusions of law pursuant to Federal Rules of Civil Procedure 52(a).

*Findings of Fact*

Plaintiff is an African American female who holds certifications in education, special education and secondary school administration. She has been an employee of the Watson Chapel School District ("the District") for more than 27 years and was assigned as a special education teacher in the 2005-2006 school year. Plaintiff has been certified for secondary school administration since 1999 and has held a masters degree in learning disabilities since 1983.

1

Plaintiff has applied for every available principal position in the District since 1999 and specifically renewed her requests for interviews and promotions on June 6, 2003, May 10, 2004, May 2, 2005, and July 12, 2005. There were vacancies in each of these years for administrative positions for which plaintiff qualified, but plaintiff was not interviewed until after a selection committee was formed in 2006.

Becca Davis resigned as principal of Watson Chapel Junior High School ("JHS") on June 22, 2005. Shortly thereafter, defendant Charles Knight who was the superintendent of the Watson Chapel School District No. 24 ("the District") assigned Henry Webb, an African American male, to the position of interim principal of the JHS and assigned John Hayden, a Caucasian male football coach, to the JHS to assist with discipline. Knight was the superintendent of the District for approximately 25 years until his retirement on July 1, 2007.

At the time of this assignment, Hayden did not have an elementary or secondary principal certification. After the transfer, Hayden was relieved of his teaching duties and received a pay increase. His duties were not only similar, but closely matched those of an assistant principal, e.g. routine discipline, administering student attendance and absentee policies, extracurricular activities, lunchroom duty, paddling students, parent conferences, and duties as assigned by Webb.

Knight responded to plaintiff's request for promotion to assistant principal at the JHS left vacant by Davis's resignation by stating that he was assigning Hayden to assist with discipline, rather than promoting him to assistant principal, because it was so close to the beginning of the school year and because Hayden had served in a similar capacity at the high school the previous year. He also explained that it was easier to move a coach who did not have teaching duties than to move a teacher who did have such duties.

Such a procedure for filling an administrative position favored males who filled most of the coaching positions and was consistent with what have been found to be discriminatory conduct by two other Courts. See *Martin v. Knight*, Case No. 5:03CV00266 JLH; *Johnson v. Knight*, 2008 WL 167294 (Case No. 5:06CV00072 SWW).

In *Willis v. Watson Chapel Sch. Dist.*, 703 F.Supp 1381 (E.D. Ark. 1988), *aff'd in part*, *rev' in part*, 899 F.2d 745 (8th Cir. 1990), the court found that Leydel Willis, an African American female, was repeatedly denied appointments to administrative positions over the course of the years from 1983 to 1988 based upon her gender. *See Johnson v.* Knight, 2008 WL 167294 (Case No. 5:06CV00072 SWW). "In each instance, a male was hired." *Id.* In the *Johnson* trial, Knight testified that when the Court issued its Order in the *Willis* case, he placed Willis in an assistant principal position at JHS and at that time she was the only female assistant principal in the District. *See Id.*

Each white male employed in the District who held administrative certificates and who applied for an administrative position between 2002 and 2006 received it. African American females who were certified and applied for the position of principal or assistant principal in that same time frame were not selected by Knight.

The difference in salary for plaintiff's position and for the position she sought in 2005 was $18,030.00.

During this time, plaintiff was a single parent with two children who had worked diligently to instill in her children a sense of independence and pride in accomplishment. Her children were aware of her efforts to better herself by seeking promotion to an administrative position and plaintiff was humiliated each time she was passed over in favor of less qualified males. Her testimony clearly establishes that she suffered humiliation and mental anguish equal

to that suffered by her colleagues, Rosie Martin and Dr. Ronnie Johnson.

In 2005, the District amended its employment hiring criteria to incorporate the use of a point system for evaluation of applicants. In January 2006, Knight surveyed the staff asking for an assessment of the performances of assistant principals and principals. Knight requested Ivy Lincoln, assistant superintendent, to prepare hiring criteria assessment worksheets, as prescribed by the personnel policy adopted in 2005, on Henry Webb, Ronnie Johnson, and Rosie Martin. After completing those evaluation criteria worksheets, Henry Webb was the highest ranking of the four.

On February 13, 2006, Knight recommended extension of Webb's contract, and at that time, Webb's status changed from interim junior high school principal to junior high school principal. In July and August of 2006, Knight requested assistant superintendent Lincoln to convene a panel to evaluate candidates for the three assistant principal positions available at the high school and the JHS.

The panel consisted of four Caucasians and four African Americans. They were Charles Bell, a Caucasian male; Sandra Williams, an African American female; Leydel Willis, an African American female; John Branch, an African American male; Debbie Easterly, a Caucasian female; Henry Webb, an African American male; Harriet Roberts, a Caucasian female; and Bradley Ilg, a Caucasian male. All panel members were either administrators or teachers employed by the District.

The questions asked by the panel were appropriate and showed no hostility toward plaintiff by the questioner. The panel asked the same questions of each person. The District has presented written evidence of the questions asked, the evaluations performed and the results of the panel's efforts. As a result of the interview process, plaintiff was not one of the top three

candidates for the three open positions.

The committee was instructed in the method and manner to conduct the job interviews and these instructions were fair in content and application. The committee member testified that the interviews and evaluations were done in a non-discriminatory manner.

After the interviews for the 2006-2007 positions, the three highest scores for the three assistant principal positions at the high school and JHS were Jeff Glover, John Hayden and plaintiff. After applying the objective criteria, Ronnie Johnson was moved ahead of Glover and plaintiff resulting in an African American female being moved ahead of a Caucasian male. This resulted in plaintiff being moved to fourth on the list of those who had applied.

The selection in 2006 of John Hayden, Dr. Ronnie Johnson and Jeff Glover for the positions of assistant principal at the high school and at the JHS were based on merit and not on gender or race discrimination. The criteria used by the District in August of 2006 is the same criteria utilized by the District in February of 2006 which led to the recommendation of Henry Webb as the JHS principal.

Plaintiff filed her complaint in May of 2006 alleging that defendant Charles Knight discriminated against her based upon her race and gender when in the fall of 2005, instead of hiring plaintiff as assistant principal, Knight assigned John Hayden, a white male and football coach, to assist with discipline at JHS and when Knight hired Webb as principal at the JHS for the 2006-2007.

*Conclusions of Law*

At the beginning of trial, the Court ruled, based upon plaintiff's complaint, her Equal Employment Opportunity Commission ("EEOC") charge, and the applicable statutes of limitations, that the evidence would be limited to plaintiff's claims of (1) race and gender

discrimination for not being hired as the principal at the high school in 2005 and for not being hired as the assistant principal at the JHS in 2005 and 2006; and (2) whether defendants had retaliated against her for filing an EEOC charge in 2006.

Discrimination claims asserted pursuant to § 1983, Title VII, and § 1981 are all analyzed under the *McDonnell Douglas* paradigm requiring the plaintiff to present a *prima facie* case of intentional discrimination. *Glegg v. Arkansas Department of Corrections,* 496 F.3d 922, 926 (8th Cir. 2007) (Title VII and § 1983); *Harris v. Hays*, 452 F.3d 714, 717 (8th Cir. 2006) (§ 1981).

Once the plaintiff does this, the burden of production shifts to the employer to articulate a legitimate, nondiscriminatory reason for the action taken. *Id.* If the employer satisfies this burden, the burden of production shifts back to the plaintiff to demonstrate that the employer's proffered reason is pretext for unlawful discrimination. *Id.* To establish that an employer's legitimate, nondiscriminatory reason is pretext for discrimination, an employee must offer evidence for a reasonable trier of fact to infer discrimination. *Matthews v. Trilogy Communications, Inc.*, 143 F.3d 1160, 1165 (8th Cir. 1998).

To establish a *prima facie* case for a failure to promote case, plaintiff must show that (1) she is a member of a protected group; (2) she was qualified and applied for an available position; (3) she was rejected; and (4) employees similarly situated but not part of the protected group were promoted instead. *See Ross v. Kansas City Power & Light Co.*, 293 F.3d 1041, 1046 (8th Cir. 2002).

To establish a *prima facie* case for a § 1981 claim, plaintiff must show (1) membership in a protected class; (2) that the defendants intended to discriminate on the basis of race; and (3) the discrimination interfered with the making of a contract. *Harris v. Hays*, 452 F.3d at 718.

"Title VII prohibits retaliation against employees who allege or participate in a proceeding or investigation that claims their employer violated Title VII. 42 U.S.C. § 2000e-3(a). A prima facie

case of retaliation requires showing that: (1) the employee engaged in protected conduct; (2) reasonable employees would have found the challenged retaliatory action materially adverse; and (3) the materially adverse action was causally linked to the protected conduct." *Brenneman v. Famous Dave's of America, Inc.*, 507 F.3d 1139 (8th Cir. 2007).

Plaintiff has established a *prima facie* case that she was discriminated against on the basis of gender when she was not chosen for the position of assistant principal at the JHS for the 2005 - 2006 school year.

She is a member of a protected class, female, she made timely applications for the position of assistant principal for which she was qualified, and she was not selected. The position was awarded to a male. Plaintiff filed a timely complaint with the EEOC for her non-selection for the 2005-2006 assistant principal at the JHS.

Knight and the District contend that there could not have been any discrimination because Hayden was not actually promoted to the position of assistant principal at JHS for the school year 2005-2006. The Court disagrees.

When Hayden was given a pay raise, excused from all teaching duties, assigned the duties of assistant principal and held out in several school publications that he was filling that position it was the equivalent of a promotion to assistant principal at the JHS. He was relieved of his duties, he received a pay raise, and his duties were primarily the same as assistant principal.

Hayden did not request assignment as an assistant principal, as had plaintiff, and plaintiff had a longer tenure in the district and had been certified for the position of school administrator longer than Hayden. The evidence clearly supports a finding that plaintiff was well qualified to perform the duties of assistant principal at the JHS in July of 2005 and it is undisputed that Knight assigned this position to a male.

The past history of the District has been one of gender discrimination and this history is substantiated by the tendency of the District , in particular Knight, to promote males into administrative positions, particularly those with coaching experience.  The evidence is that Knight used subjective criteria and eschewed the interview process.

 The Court finds no evidence of race or gender discrimination for any other position that Bridges applied for which she claims discrimination.

The choice of Webb, an African American male, as the interim principal at the high school in 2005 was a logical and reasonable choice under all the circumstances.   Webb had been assistant principal with longer tenure at JHS than other candidates and had more experience in administration.   Furthermore, plaintiff's EEOC charge did not include any reference to the 2005 interim principal position.

The selection process used by the District in placing Webb in the permanent position of principal of the JHS in February of 2006 was nondiscriminatory in its application.  The evidence is that Webb had done a good job as interim principal and was the leading candidate for the position.

The selection process instigated by the District in August of 2006 for the three assistant principal positions was nondiscriminatory in its application.  Plaintiff and Dr. Ronnie Johnson testified that the questions asked were appropriate and there was no hostility by the questioner. Plaintiff admitted that there was nothing about the interview process which put her at a disadvantage because of race or gender.  The committee members testified that the interviews and evaluations were done in a nondiscriminatory manner.

The Court notes that Dr. Johnson was hired to fill the remaining assistant principal position at JHS in that same year.  The Court finds no discrimination in plaintiff not being hired

in this position as Dr. Johnson is an African American female with equal or better qualifications as plaintiff

The Court finds no evidence that plaintiff was retaliated against based upon her engaging in any protected activity, e.g. filing an EEOC charge.

*Conclusion*

The Court finds that plaintiff was unlawfully denied promotion to the position of assistant principal of the JHS for the school year 2005-2006 and awards back pay of $18,030.00. The Court further finds that plaintiff is entitled to compensatory damages in the sum of $150,000.00.

The Court finds that there was no evidence of discrimination in the hiring of Webb as principal of the high school in 2005 or 2006. The Court further finds that the process used for selection of all positions sought for the school year 2006-2007 was appropriate and nondiscriminatory, and denies plaintiff's claims for gender, race, or retaliation discrimination on these claims.

Judgment will be entered accordingly.

IT IS SO ORDERED THIS  29  day of  January , 2008.

_____
James M. Moody
United States District Judge